## HARRINGTON, Respondent, v. MONTGOMERY DRUG CO., Appellant.

(No. 8,112.)

(Submitted March 18, 1941.   Decided April 1, 1941.)

[111 Pac. (2d) 808.]

*Messrs. Corette & Corette,* for Appellant, submitted an original and a reply brief; *Mr. Robert D. Corette* and *Mr. William A. Davenport* argued the cause orally.

*Mr. Harry Meyer,* for Respondent, submitted a brief; he having died pending appeal, *Messrs. William* and *S. O. Meyer* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries. The jury returned a verdict in her favor in the sum of $3,000 and the defendant appealed.

The complaint, as finally amended, charges that on October 10, 1937, plaintiff purchased from the defendant a douche or tube to be used for internal drainage purposes and paid to the defendant the sum of 25¢ therefor. It is alleged that defendant "assured her and warranted to her that it was an appliance suitable and proper for her desired use; that relying upon the assurance and warranty of defendant as aforesaid, plaintiff purchased said tube for use as and in the manner instructed by the defendant." The complaint alleges that while using the tube as instructed by defendant, and without any fault or carelessness on her part, the tube, because of its defective and dangerous condition, broke within the vagina; "that as a proximate result of the assurance and warranty of defendant as aforesaid and the defective and dangerous condition of the aforesaid tube plaintiff sustained injury and damage as hereinafter stated." She alleges that because the tube broke she suffered an internal abscess which has prevented her from doing her usual household work and has caused her physical pain and suffering.

The answer was a general denial coupled with an affirmative plea of contributory negligence on the part of the plaintiff. The reply put in issue the affirmative allegations of the answer. At the trial plaintiff offered no proof of an express warranty. The only evidence regarding the circumstances of the sale was as follows: "I recall the occasion on October 20, 1937, of going to the Montgomery Store operated by the defendant here. I went in there to purchase a tube and I told Mr. Montgomery

I would like to buy a tube and he asked if it were for a douche or an enema and I told him douche. Then I bought a tube which was selected by Mr. Montgomery. He selected it out of a glass tray or something.''

Defendant, by motion for nonsuit and motion for directed verdict, raised the question as to whether the evidence was sufficient to warrant submission of the case to the jury. It also, by motion for new trial, raised the question as to whether the evidence is sufficient to sustain the verdict and judgment. Other interesting questions have been raised in the briefs, but as we view the case the determinative question is whether the evidence was sufficient to warrant the submission of the case to the jury and to sustain the verdict and judgment.

Plaintiff at the trial evidently proceeded upon the theory that in the sale of an ordinary article of merchandise, such as a douche, there is an implied warranty that it is sound and fit for the purpose for which it is sold. The general rule in most jurisdictions is that the seller of an article of merchandise makes an implied warranty of its fitness for the use for which it is purchased. But where there is an implied warranty not all damages resulting from personal injuries are considered as the natural and probable result of its breach. In many cases personal injuries have been sustained resulting from the breach of an implied warranty for which the seller was held not liable because the damages were too remote. The case of *Ellis* v. *Montgomery & Crawford*, 189 S. C. 72, 200 S. E. 82, and the authorities therein referred to furnish striking examples. But whatever the view may be in other jurisdictions, solution of the question before us is made plain by our statute. In this state a seller who is not the manufacturer of goods other than provisions for domestic use sold to one who buys for consumption makes no implied warranty of their fitness for the intended use.

Section 7607, Revised Codes, provides: ''Except as prescribed by this chapter, a mere contract of sale or agreement to sell does not imply a warranty.'' Hence before plaintiff may rely upon an implied warranty she must point to a statute giving her that right. Absent any other statute, section 7607 is a positive

declaration that there is no implied warranty. The only section which provides for an implied warranty of the fitness of goods for the purpose for which they are sold is the one which makes an implied warranty as against the manufacturer of an article. That section is section 7613, which provides: "One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose." And section 7614 provides: "One who sells or agrees to sell merchandise inaccessible to the examination of the buyer, thereby warrants that it is sound and merchantable." Section 7613 has no application here because there is neither pleading nor proof that defendant was the manufacturer of the article in question. Section 7614 cannot be relied upon by plaintiff here because the merchandise in question was subject to examination by her and she had an equal opportunity with the seller to discover its defects.

A different rule obtains when the subject matter of the sale is provisions or food for domestic use. They are covered by section 7618 reading: "One who makes a business of selling provisions for domestic use warrants, by a sale thereof, to one who buys for actual consumption, that they are sound and wholesome." The effect of that section was before this court in *Bolitho* v. *Safeway Stores, Inc.*, 109 Mont. 219, 95 Pac. (2d) 443. Under the most liberal interpretation of section 7618 it could not be said that a douche is within its terms. "Provisions for consumption" has reference to "something in a condition to be consumed as food." (50 C. J. 834.)

Hence, whatever the rule may be in other jurisdictions, in Montana there is no implied warranty on the part of the retail seller to the buyer as to the soundness or fitness of ordinary articles of merchandise not coming under the class of provisions or food bought for actual consumption.

We are entitled to presume since plaintiff alleged an express warranty but failed to prove it, that she was unable to furnish such proof and in consequence the case will not be remanded

for new trial, but the judgment will be reversed and the cause remanded with directions that the action be dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.