AMOS ALLEN BROCK, Plaintiff and Appellant, *v.* JACK ROTHWELL, d/b/a GUS & JACK'S TIRE SERVICE and JAMES MOLL and WALLACE MOLL, d/b/a JIM'S CENTRAL SERVICE STATION, Defendants and Respondents.

No. 11577.
Submitted Oct. 29, 1969.
Decided Nov. 12, 1969.
461 P.2d 6

Bretz & Gabriel, Great Falls, Lloyd J. Skedd, Helena (argued), for plaintiff and appellant.

Keller, Magnuson, Reynolds, Drake  DeGrandpre, Paul F. Reynolds, Helena (argued), Scott & Linnell, Gene B. Daly, Great Falls, for defendants and respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from a summary judgment for defendant granted by an order of the district court of Lewis and Clark county, the Hon. Victor H. Fall, district judge, presiding.

The action arises out of a March 17, 1964 one-car accident in which plaintiff, Amos Allen Brock, a guest passenger, sustained serious and permanent bodily injuries. Defendant is Wallace Moll who operated Jim's Central Service Station in Cascade, Montana; his employee sold one "recapped" tubeless tire to the driver-owner of the car involved, shortly before the accident. Neither the driver, nor the tire manufacturer, but only the retailer is herein involved as a party defendant.

On the day of the accident, plaintiff, the driver, and two friends left Great Falls going south toward Wolf Creek and Holter Dam on a fishing trip. Shortly thereafter as the car neared Cascade, the right rear tire "blew out." Upon discovering that the spare tire was also flat, the driver decided to drive on the rim to the nearest service station, that being the one operated by defendant.

The owner of the car commenced negotiations for a replacement tire, finally settling for the tubeless "recap" herein involved. Defendant's employee informed the buyer that the tire could not be guaranteed unless a tube was also purchased. However, after an inspection of the tire by both, the buyer decided that a tube was unnecessary.

Although plaintiff was there, no one but the owner of the car was involved in the tire purchase. After the tire was mounted, the parties continued on to Holter Dam and from there to Wolf Creek for something to eat. After leaving Wolf Creek, the car in which plaintiff was riding traveled north toward Great Falls on the return trip.

Approximately seven miles north of Wolf Creek and shortly

before the accident, the car in which plaintiff was riding passed another car going in the same direction. Testimony of the driver of the passed car indicated that the speed of the car in which plaintiff was riding was not excessive; nevertheless within a short distance the car began to "fishtail" from left to right, later sliding broadside in the direction of travel. Testimony of another passenger indicated that there was a "big bang" and the driver had difficulty in steering the car. The car went off the road and over an embankment where it rolled over throwing all four occupants out. Upon coming to rest, there was an explosion and the car caught on fire.

Plaintiff alleges that the cause of the accident and his resulting injuries was the defective "recapped" tire purchased from defendant. Plaintiff argues that the retailer in selling that tire impliedly warranted its fitness for the purpose intended and that such implied warranty exists not only in favor of the buyer but also in favor of plaintiff as a known expected user.

Defendant denies the existence of any implied warranty based upon the sale of the tire because (1) no such warranty exists under Montana statutes and case law, and (2) in any event such warranty does not operate against the retailer but only against the manufacturer. The district court granted summary judgment on the basis that there is no such implied warranty.

It is important to note that this case arose before the enactment of the Uniform Commercial Code (UCC) in Montana, Title 87A, R.C.M.1947. This appeal therefore must be decided on the basis of interpretations of the law in effect prior to January 1, 1965, the effective date of the UCC. See section 87A-10-101 and section 74-325, R.C.M.1947. Thus, it is unnecessary to further discuss the current law, either under the UCC or that from other jurisdictions as cited by plaintiff, because it is not controlling in the instant case.

Five issues are assigned for review upon this appeal. In our view, the single basic issue determinative of this appeal is

whether there is an implied warranty of merchantability by a retail seller of chattels who is not the manufacturer which flows to a known expected user of the merchandise other than the buyer. More specifically, is there any implied warranty of fitness for use by a retailer flowing to anyone, prior to the adoption of the UCC in Montana?

The district court, it its memorandum opinion granting summary judgment for defendant, felt bound, and rightly so, by the rule of *stare decisis*. On the question of implied warranty chargeable against a retailer not a manufacturer, the trial judge recognized that the law on this precise subject was well settled in Montana, quoting from Ryan v. Ald, Inc., 149 Mont. 367, 372, 427 P.2d 53, wherein this Court said:

"* * * Harrington v. Montgomery Drug Co., 111 Mont. 564, 111 P.2d 808, *is still the law of this state with respect to implied warranties* applicable under statute prior to the adoption of the Uniform Commercial Code. The Harrington case, supra, at 111 Mont. 566, 111 P.2d 809, states the rule applicable to this case. '* * * In this state a seller who is not the manufacturer of goods other than provisions for domestic use sold to one who buys for consumption makes to implied warranty of their fitness for the intended use.'" (Emphasis added.)

This Court is likewise bound by the rule of *stare decisis* based upon the Harrington and Ryan cases.

The plaintiff however attempts to predicate liability on an exception to this rule. As in the Harrington and Ryan cases, defendant is not the manufacturer and this fact alone is sufficient to prevent liability from being imposed under the above cited rule. Plaintiff relies on the provisions of section 74-317, R.C.M.1947, which proviides:

"One who sells or agrees to sell merchandise inaccessible to the examination of the buyer, thereby warrants that it is sound and merchantable."

Plaintiff contends that the very nature of the thing sold—a recapped tire, which results from preparing a tire body by re-

moval of all excess tread stock, buffing to obtain a bonding surface for new treads, and then placing this body or carcass in a mold where new rubber is applied over the old carcass—makes an examination of the tire inaccessible to the buyer, thereby giving rise to a warranty of soundness, such warranty flowing through the buyer to the plaintiff. With this contention we cannot agree.

██ ██ Even absent the rule of the Harrington and Ryan cases, supra, which relieves the retail seller of liability except in specifically enumerated instances, this exception does not say to whom this warranty might extend. It simply states that there is such a warranty. Further, this section does not require accessibility to anyone but the buyer and seller and the facts of this case indicate that the tire in question was subject to examination by the buyer, and was in fact so examined. The buyer had equal opportunity, along with the seller, to discover any existing defects (Harrington v. Montgomery Drug Co., supra), and consequently it can not be said under the circumstances herein presented that plaintiff can rely upon this exception (section 74-317, R.C.M.1947) to establish the liability of a retail seller, not a manufacturer.

It is therefore unnecessary to determine the limits of the warranty provided in section 74-317 insofar as it may affect those persons in privity to the buyer. This is particularly true in view of the established law in Montana prior to the UCC that "a seller who is not the manufacturer of goods * * * makes no implied warranty of their fitness for the intended use." Harrington; Ryan, supra. This is still the law of this state with respect to implied warranties prior to the adoption of the UCC.

The judgment of the district court granting summary judgment for defendant is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES CASTLES and JOHN C. HARRISON, and the HON-

ORABLE L. C. GULBRANDSON, District Judge, sitting for
Justice BONNER, concur.