No. 82-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

LARRY A. SORENSON,

Claimant and Appellant,

vs.

DRILCON, INC., Employer, and
EMPLOYERS CASUALTY COMPANY,

Defendant and Respondent.

Appeal from:   Workers' Compensation Court
Honorable Tim Reardon, Judge presiding.

Counsel of Record:

For Appellant:

Carol A. Mitchell, Missoula, Montana
Garlington, Lohn & Robinson, Missoula, Montana

For Respondent·

David E. Bauer, Great Falls, Montana

Submitted on briefs: December 9, 1982

Decided· June 2, 1983

Filed:   **JUN 2 1983**

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant, Larry A. Sorenson, appeals from two post-judgment orders in Workers' Compensation Court involving the amount of the attorney fee awarded and the costs incurred in pursuing his successful claim for compensation and denial of a hearing on the matter. After the Workers' Compensation Court awarded compensation to claimant, claimant's attorney filed a detailed affidavit setting forth a claim of attorney fees in the amount of $11,372 arrived at on the basis of a $60 per hour charge. The claimed costs were $3,491.52. The Workers' Compensation Court, without holding a hearing, awarded an attorney fee of $5,750 and set the recoverable costs at $2,951.53. Upon entry of this order claimant's attorney petitioned the court for a hearing on the setting of an attorney fee and costs. Among other things, the petition alleged that with the exception of $1,340.50, counsel for the employer and insurance company had agreed to the reasonableness of the attorney fee and the costs. With no explanation given, the Court, referring only to its discretionary powers in setting fees, denied the motion for a hearing. We vacate the order and hold that an evidentiary hearing is required.

In entering the order setting attorney fees the court simply held that "this court, considering the time spent, the result achieved, and the complexity of the case, finds that a reasonable sum to be paid is . . ." After this order was entered claimant's attorney filed a petition for a hearing, and alleged, among other things, that counsel for opposing sides had reached agreement on the amount of the attorney fee and recoverable costs. Counsel for the employer and

2

insurance company wrote a letter to the court denying any agreement.

In refusing to hold a hearing or reconsider the order setting attorney fees and costs, the court relied on our language in Continental Ins. Co. v. Horton (1980), ____ Mont. ____, 613 P.2d 1011, 1013, 37 St.Rep. 1244, 1246, where we stated that:

> "The method used to fix attorney fees is discretionary with the Workers' Compensation judge, and the matter of allowing a hearing considering attorney fees is also discretionary."

We did not mean, however, that the discretion of the Workers' Compensation Court was unbounded. Here the court awarded a fee of $5,750 without ever stating why it disregarded the claim of the attorney to a fee of $11,372, based on an hourly charge of $60. The order reducing costs recovered was also not explained. The error of the court is compounded here because a factual dispute exists as to whether opposing counsel had agreed to the amount of the attorney fee and the amount of costs. This factual dispute was never resolved before the court entered its order denying the motion for a hearing. Clearly, this was an abuse of discretion.

In Wight v. Hughes Livestock Company (Decided May 16, 1983) ____ Mont. ____, ____ P.2d ____, 40 St.Rep. 696 we modified our holding in Continental on the attorney fee question and the requirement of holding a hearing. Under our guidelines set forth in Continental, we recognized the occasional necessity for an evidentiary hearing. Although our holding in Continental is not directly applicable to this factual situation, the fact remains that the issues involved here can be resolved only by an evidentiary hearing. Under Wight whatever fee is awarded must be paid entirely by the insurance carrier.

The orders of the Workers' Compensation Court are vacated and the cause remanded for an evidentiary hearing.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4