No. 84-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

E. L. McDANOLD,

        Claimant and Appellant,

  -vs-

B.N. TRANSPORT, INC.,

        Employer- Defendant and Respondent.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
             Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William T. Kelly, P.C.; Halverson, Sheehy & Prindle,
        Billings, Montana
        Gene A. Picotte, Clancy, Montana

    For Respondent:

        Utick, Grosfield & Uda, Helena, Montana
        Thomas Spence, Billings, Montana

                        Submitted on Briefs:  Feb. 28, 1985

                                  Decided:  June 27, 1985

Filed:  JUN 27 1985

_____
                      Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the decision of the Workers' Compensation Court limiting claimant's fee to the contingent fee agreement without regard to the time records of his counsel. We reverse and remand.

The underlying Workers' Compensation proceeding was commenced before the Workers' Compensation Court in 1979. Two appeals to this Court followed. McDanold v. B. N. Transport, Inc. (Mont. 1981), 634 P.2d 175, 38 St.Rep. 1466; McDanold v. B.N. Transport, Inc. (Mont. 1984), 679 P.2d 1188, 41 St.Rep. 472. Following appeal of the lower court determination in the second case that the total amount of weekly benefits was $15,452.70, the matter was remanded for determination of attorneys fees and costs.

The issues presented on appeal are:

1. Was it reversible error for the Workers' Compensation Court to enter its order determining attorneys fees without allowing claimant at least five days time to respond to the defendant's memorandum?

2. Was it reversible error to fix the attorneys fees at the amount of the contingent fee contract without regard to attorneys' affidavits?

By order dated May 4, 1984, the Workers' Compensation Court determined claimant's entitlement to temporary total disability and permanent partial disability at a total of $15,452.70. The order further stated:

> "Further, claimant's counsel shall, within 10 days of receipt of this Order, provide the Court with a Request for Reasonable Costs and Attorney Fees, and Proposed Order. Said requests shall include a statement of itemized costs, calculations concerning the determination of a reasonable attorney fee, and a copy of the claimant's attorney fee agreement. Counsel shall simultaneously provide defendant's counsel with copies of these documents."

Pursuant to the order, claimant's attorney filed a copy of the attorney-client agreement under which claimant agreed to pay his attorney a contingent fee, based upon the following provision:

> "In the event the case should be appealed by either the defendant insurance company of the Workmen's Compensation Division, or the CLIENT, as the situation may occur, to the district court or the Supreme Court of the State of Montana, then and in such event, said ATTORNEY shall receive as his fee a sum equal to one-third (1/3) of all sums recovered."

In addition, sworn affidavits were filed, the first of which established that one firm of attorneys worked on the case for a total of 239.06 hours, resulting in claimed attorneys fees of $18,684.15. The other affidavit established a total of 119.75 hours worked by another attorney and claimed a fee of $10,777.50. The affidavits contained detailed statements of the time records converted to money based upon the routine hourly rate of the attorney involved. The affidavits contained no further factual explanation with regard to the nature of the services performed. The affidavits did not address the reason why fees should be determined on an hourly basis instead of under the contingent fee agreement.

The defendant filed its objection to any award of attorneys fees in excess of the contingent fee agreement. By order dated June 19, 1984, the court made the following findings and conclusions:

> "The claimant's attorneys have submitted a copy of their contingent fee agreement, which provides for one-third (1/3) of all sums recovered upon a successful appeal to the Montana Supreme Court, plus reasonable costs incurred. They have also submitted a statement of the hours compiled in pursuing this matter and the costs incurred.
>
> "There exists a rebuttable presumption that the attorney fee due claimant's attorney under the contingent fee agreement is a reasonable fee. Wight v. Hughes Livestock, Inc., ____ Mont. ____, 664 P.2d 303, (1983).

3

"Neither party has filed a Motion for Evidentiary Hearing Regarding Reasonableness of Attorney fees based on the contingent fee agreement and an award of costs based on claimant's attorney's statement of costs.

"It appears from the record that the defendant paid $8,890.00 in temporary total disability benefits and $2,083.68 in permanent partial disability benefits before a controversy arose. Following the claimant's attorneys' efforts, and a successful appeal to the Montana Supreme Court, that Court determined that temporary total and permanent partial entitlement totaled $15,452.70. . . [T]he claimant's attorneys are entitled to an award of attorney fees based on the $4,479.02 difference. . .

. . .

"The instant case is one in which the attorney fee award appears inadequate when compared to the total number of hours reported by claimant's attorneys. However, no Request for Evidentiary Hearing was received, and no evidence was presented (besides the lone statement of hours) suggesting a departure from the presumed reasonableness of the contingent fee agreement. Therefore, an attorney fee award under the contingent fee contract, and pursuant to Wight, supra., shall govern.

"Based solely on the difference between the total amount the Supreme Court awarded and the amount the defendant previously paid the claimant, the claimant's attorneys are entitled to an award of $1,492.01 under the terms of the contingent fee agreement. (33 1/3 percent times $4,479.02, equalling $1,493.01)."

Claimant's attorneys appeal from the foregoing order.

I

Was it reversible error for the Workers' Compensation Court to enter its order determining attorneys fees without allowing claimant at least five days time to respond to the defendant's memorandum?

Claimant's attorneys point out that the administrative rules of the Workers' Compensation Court do not provide for post-trial motions, so there is no specific provision which would have allowed them to respond to the objection to fees filed by the defendant. Claimant argues that under Rule 2.52.316, A.R.M., pertaining to pre-trial motions, a five day

4

period should have been allowed comparable to the five days allowed for a reply brief on pre-trial motions.

The defendant replies that there is no requirement under the order to grant any additional time for such a reply and contends that this is merely a "red herring." The defendant points out that, under Sorenson v. Drilcon, Inc. (Mont. 1983), 664 P.2d 320, 40 St.Rep. 829, even after the entry of the order setting attorneys fees, claimant's attorneys were free to request an evidentiary hearing. They have failed to do so even up to the present time.

In Sorenson, following the entry by the Workers' Compensation Court of an order fixing attorneys fees, claimant's attorney requested a hearing and an opportunity to present evidence to justify her fee. This Court reversed the lower court's denial of the motion for a hearing and remanded the matter to the lower court with instructions to hold an evidentiary hearing regarding the attorney's fee. We held that it was an abuse of discretion not to allow the hearing.

In the instant case, the claimant failed to request an evidentiary hearing. In the absence of any rule requirement, we conclude that the lower court did not err in denying claimant the opportunity to file a response to the defendant's memorandum.

II

Was it reversible error to fix the attorneys fees at the amount of the contingent fee contract without regard to the attorneys' affidavits?

Both counsel rely on Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696, which discusses the elements to be considered in determining the reasonableness of contingent fee contracts and the amount of attorneys fees to be awarded. Citing an Idaho Supreme Court decision,

5

this Court adopted several factors to be considered by the judge or the Division:

> "[I]n determining a reasonable attorneys fee . . . [the judge or the Division] must engage in a balancing process and consider on contingent basis the following factors:
> '(1) The anticipated time and labor required to perform the legal service properly.
> '(2) The novelty and difficulty of legal issues involved in the matter.
> '(3) The fees customarily charged for similar legal services.
> '(4) The possible total recovery if successful.
> '(5) The time limitations imposed by the client or circumstances of the case.
> '(6) The nature and length of the attorney-client relationship.
> '(7) The experience, skill and reputation of the attorney.
> '(8) The ability of the client to pay for the legal services rendered.
> '(9) The risk of no recovery.'   629 P.2d at 661.

> "Not mentioned by the Idaho court in Clark v. Sage, supra, but surely a factor to be considered, is the market value of the lawyer's services at the time and place involved.  Indeed it may be said that in every retainer contract, be it personal or public, hourly, fixed fee or contingent fee, each such contract is in reality based on the market value of the lawyer's services.  With the added factor of the market value of the lawyer's services at the time and place involved, we adopt the factors set out by the Idaho Supreme Court to be considered by Montana's Workers' Compensation judge or the Division in determining the reasonableness of contingent fee contracts and the amount of attorneys fees to be awarded to successful claimants."  Wight, 664 P.2d at 311-12, 40 St.Rep. at 706.

Under Wight, the lower court was required to consider the foregoing in its determination of the reasonableness of the contingent fee contract and the amount of attorneys fees to be awarded.

In discussing Wight, defendant emphasizes the holding by the court with regard to the strong presumption in favor of the contingent fee contract:

> "In considering Wight's contingent fee contract with his attorney, the Workers' Compensation judge should accept the approved contract as having a strong presumption in its favor.  If the judge does not set a fee in accordance with the contingent fee contract, he shall state with particularity his reasons in writing, based upon strong

6

countervailing evidence, why the contingent fee contract is not followed by him, and precisely what weight he accorded to the contingent fee contract." Wight, 664 P.2d at 312, 40 St.Rep. at 707 (emphasis added).

Defendant's counsel contends that in failing to request a hearing and failing to set forth strong countervailing evidence, claimant's attorneys have failed to discharge the burden which is placed upon them. As a result, they argue that the lower court order must be affirmed.

Claimant's attorney argues that under Wight, claimant was not required to request an evidentiary hearing. Claimant attempts to place the duty upon the court to extend the opportunity for hearing once the controversy arises. Claimant further argues that under Sorenson, which granted a claimant a right to an evidentiary hearing, such a hearing must be held.

Respondent has attached to its brief a copy of the present administrative rules in effect for the Workers' Compensation Court. These rules provide the basis for a hearing upon the request of a party to determine the reasonableness of attorneys fees. Those rules of course are not applicable in the present case. However, they do indicate a reasonable procedure for the determination of attorneys fees.

Based upon Sorenson, claimant properly could have requested a hearing before the court following its adverse order of June 19, 1984. The record does not disclose the reason for claimant's failure to make that type of a motion.

Claimant's evidence contained significant contradictions. On the one hand, the contingent fee agreement justified an award of $1,493.01 in attorneys fees. On the other hand, the time records, if accepted on their face, would justify an award in excess of $28,000. The evidence further demonstrates that the attorneys were successful in securing

7

approximately $5,000 for the claimant. Before it could adequately compare the evidence submitted, the Workers' Compensation Court required substantial additional evidence on the various Wight factors, such as the anticipated time and labor required, the novelty and difficulty of the legal issues, and the fees customarily charged for similar services. In addition, it would have been appropriate for both sides to have submitted evidence of the market value of the lawyers' services under these unusual circumstances.

While it might have been appropriate to affirm the lower court in the absence of more adequate evidence, under all the circumstances we have concluded it is just to allow a hearing before the Workers' Compensation Court. While both sides may present additional evidence at that hearing, the claimant's counsel have the primary obligation to present appropriate evidence from which the court may determine a reasonable attorneys fee.

We reverse the decision of the Workers' Compensation Court. This cause is remanded for such further hearing and consideration as the court may deem advisable in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8