No. 88-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

EUGENE J. HONEY,

  Claimant and Appellant,

 vs.

STOLTZE LAND AND LUMBER COMPANY,

  Employer and Respondent,

 and

STOLTZE LAND AND LUMBER COMPANY,

  Defendant and Respondent.

APPEAL FROM: Workers' Compensation Court,
      The Honorable Timothy Reardon, Judge presiding

COUNSEL OF RECORD:

  For Appellant:

    John G. Bell; Bell, Corn & Bell, P.C., Hamilton, Montana

  For Respondent:

    Alan L. Joscelyn; Gough, Shanahan, Johnson & Waterman, Helena, Montana

Submitted on Briefs: Dec. 16, 1988

Decided:  February 7, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from the decision of the Workers' Compensation Court limiting claimant's attorney's fees to the contingent fee agreement without considering the time records and affidavit of his counsel. We reverse and remand for an evidentiary hearing.

On February 10, 1984, Eugene Honey sustained a compensable injury. By order dated July 29, 1988, the Workers' Compensation Court determined claimant was entitled to 50 weeks of permanent partial disability benefits at the rate of $138.50 per week for a sum total of $6,925. The order further stated:

> 4. Claimant is entitled to attorney fees and costs. Because the injury occurred in 1984, the contingency fee is the appropriate means of computing claimant's entitlement. The standard agreement approved by the Division of Workers' Compensation for cases being resolved by this Court allows for an award of 33 percent of the benefits received as a result of the attorney's effort. Therefore, in the case at bar, claimant is entitled to attorney fees of 33 percent of $6,925.00, or $2,208.79 [sic], subject to the terms set forth in the Judgment number three.
>
> . . .

Continuing a review of the order, paragraph number 3. stated:

> 3. Claimant is entitled to an award of attorney fees and reasonable costs pursuant to Section 39-71-612, MCA. The attorney for the claimant shall serve this Court and opposing counsel no later than 20 days from the date of this Order a statement of the hours he or she compiled in pursuing this matter, the costs incurred, a statement of the

> attorney's customary and current hourly fee and a copy of the fee agreement as approved by the Division of Workers' Compensation. Claimant's counsel shall submit a proposed Order specifying the amount of attorney fees claimed. If the defendant or the claimant believes the amount due the claimant's attorney is unreasonable, then each has 30 days from the date of this Order to file a Motion for Evidentiary Hearing Regarding Reasonableness of Attorney Fees; the motion shall be accompanied by an affidavit and statement of the grounds on which either the defendant or the claimant believes the amount due the claimant's attorney is unreasonable.

Pursuant to the order, claimant's attorney filed a copy of the attorney-client agreement under which the claimant agreed to pay his attorney a contingent fee. In addition, claimant's attorney filed a sworn affidavit which established he worked on the case a total of 111.10 hours, which resulted in claimed attorney's fees of $9,443.50, and costs of $1,335.85. The affidavit also contained detailed statements of time records converted to a monetary sum based on the attorney's customary and current hourly rate. Finally, claimant's attorney submitted a proposed order specifying the amount of attorney's fees claimed. Claimant's attorney did not, however, request an evidentiary hearing.

In response to the fee proposal, the respondent filed a letter with the Workers' Compensation Court, objecting to any award in excess of the contingent fee agreement. By order dated August 31, 1988, the Workers' Compensation Court found:

> [A]s part and parcel of the Judgment herein, the Court directed counsel for the claimant to prepare and file with the Court a compilation of the number of hours devoted to the prosecution of the claim and to set forth a reasonable hourly rate. This is all in accord with

3

the ruling of the Supreme Court in [Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303] . . . , in which one of the criteria allowing the presumed reasonableness of the contingency fee is the number of hours required to prosecute the claim and granting either party an opportunity to request an evidentiary hearing to deviate from the presumed propriety of the contingent fee. Claimant complied with the directive of the Court and has filed a statement of hours wherein he claims 111 hours and a total attorney fee under that contention in excess of $10,000.00.

Employer/insurer has responded, raising no objection to the 33 percent contingent fee, but objecting to any fee in excess of the contingent fee for the reason that no evidentiary hearing was requested wherein the Court would take evidence to deviate from the presumption of the reasonableness of the contingent fee.

Having considered the matter, the Court finds that the claimant has not requested an evidentiary hearing so as to allow the Court to deviate from the presumed reasonableness of the contingency fee and, accordingly, finds that the contingency fee is reasonable and directs that the insurer pay attorney fees in the amount of $2,208.79 and costs as submitted.

. . .

Claimant appeals from the foregoing order, alleging the lower court committed reversible error by fixing attorney's fees at the amount of the contingent fee contract without an evidentiary hearing. We agree.

In Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303, this Court adopted several elements to be considered in determining the reasonableness of

4

contingent fee contracts and the amount of attorney's fees to be awarded.

> [I]n determining a reasonable attorneys fee . . . [the judge] must engage in a balancing process and consider on contingent basis the following factors:
>
> "(1) The anticipated time and labor required to perform the legal service properly.
>
> "(2) The novelty and difficulty of legal issues involved in the matter.
>
> "(3) The fees customarily charged for similar legal services.
>
> "(4) The possible total recovery if successful.
>
> "(5) The time limitations imposed by the client or circumstances of the case.
>
> "(6) The nature and length of the attorney-client relationship.
>
> "(7) The experience, skill and reputation of the attorney.
>
> "(8) The ability of the client to pay for the legal services rendered.
>
> "(9) The risk of no recovery." . . .
>
> Not mentioned . . . but surely a factor to be considered, is the market value of the lawyer's services at the time and place involved.

Wight, 664 P.2d at 311-312, citing Clark v. Sage (Idaho 1981), 629 P.2d 657, 661. The above are more than mere suggestions, "[t]he lower court was required to consider the foregoing in its determination of the reasonableness of the contingent fee contract and the amount of attorneys fees to be awarded." McDanold v. B.N. Transport, Inc. (Mont. 1985),

5

701 P.2d 1001, 1004, 42 St.Rep. 940, 944. However, the Workers' Compensation Judge, in fixing the fee of $2,208.79, did not consider the proper factors.

The respondent maintains that the Workers' Compensation Court cannot vary from the contingent fee agreement in the absence of a hearing, given the strong presumption of reasonableness in favor of the approved agreement. Instead, the party wishing to depart from the contingent fee must request a hearing. Respondent argues the lower court's order must be affirmed.

Claimant contends he was not required to request an evidentiary hearing. The lower court's order required the claimant's attorney to submit a proposed order for reasonable attorney fees, supported by documentation. Only in the event a party believes the amount due under the proposed order is unreasonable would an evidentiary hearing be necessary. Claimant argues the respondent's letter objecting to any fee greater than the contingency amount was, in effect, an implied request for a hearing. Finally, claimant states the order was ambiguous, and he should be allowed a hearing before the Workers' Compensation Court to establish an award of fees under the Wight guidelines.

Neither party presents a definitive answer to explain the absence of a request for an evidentiary hearing. Nor does such absence explain the lower court's disregard for the documentation presented by the claimant's attorney. Indeed, the facts demonstrate a need for an evidentiary hearing. On the one hand, the claimant's attorney submitted an affidavit and time records establishing 110.10 hours were expended toward the case and justifying fees of nearly $10,000. Further, claimant's attorney secured an award of $6,925 for his client.

6

Certainly, substantial additional evidence reflecting the _Wight_ guidelines is necessary before the Workers' Compensation Court may determine reasonable attorney's fees. Therefore, we reverse the decision of the Workers' Compensation Court and remand for an evidentiary hearing.

_____
Justice

_____
Chief Justice

_____

_____

_____
Justices

7