No. 89-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOSEPHINE M. BECK,

        Claimant and Respondent,

   -vs-

FLATHEAD COUNTY, d/b/a FLATHEAD COUNTY
NURSING HOME, Employer, and
STATE COMPENSATION INSURANCE FUND,

        Defendants and Appellants.

APPEAL FROM:   The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Todd A. Hammer, Warden, Christiansen, Johnson & Berg
        Kalispell, Montana

    For Respondent:

        Terry N. Trieweiler, Trieweiler Law Firm,
        Whitefish, Montana

Submitted on Briefs: September 27, 1989

Decided: December 1, 1989

Filed:

FILED

DEC 1- 1989

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Defendants, Flathead County and the State Compensation Insurance Fund, appeal the decisions of the Workers' Compensation Court of the State of Montana, to forego a trial regarding whether claimant, Beck, had shown substantial credible evidence of a reduced earning capacity; to adopt the Findings of Fact and Conclusions of Law dated February 27, 1989; and to forego an evidentiary hearing regarding costs and attorney fees. We affirm.

Defendants raise the following four issues on appeal:

1. Whether the Workers' Compensation Court erred by not making any additional findings or conclusions regarding claimant's pre-injury and post-injury earning capacity.

2. Whether the parties' stipulation regarding claimant's permanent partial disability benefit rate was binding for subsequent proceedings.

3. Whether a court should consider claimant's subsequent injury when considering her future earning capacity.

4. Whether the Workers' Compensation Court erred by not holding an evidentiary hearing regarding costs and attorney fees.

Claimant, Josephine M. Beck, sustained a work-related, cervical injury on April 11, 1984 while working as a nurse's aide at the Flathead County Nursing Home. On March 14, 1986, claimant filed a Petition for Hearing in the Workers' Compensation Court of the State of Montana. A pretrial order was signed on May 14, 1986 by a hearing examiner, stating, as an uncontested fact, that "[c]laimant's partial disability benefit rate is $126.61. . ." After a May 21, 1986 hearing in front of a hearing examiner, the Workers' Compensation Court adopted the hearing examiner's proposed Findings of

2

Fact, Conclusions of Law and Judgment. The court then entered a judgment stating that claimant was not entitled to permanent partial disability benefits under § 39-71-703, MCA.

Claimant appealed this ruling to the Montana Supreme Court, arguing that the Workers' Compensation Court erred by determining that § 39-71-703, MCA, requires a claimant to prove an actual wage loss to collect permanent partial disability benefits. This Court reversed the Workers' Compensation Court in Beck v. Flathead County (Mont. 1988), 749 P.2d 527, 530, 45 St.Rep. 215, 219, stating that "[t]he correct test for loss of earning capacity is whether the injury has caused a loss of ability to earn on the open market." Beck, 749 P.2d at 529, 45 St.Rep. at 217. This Court then remanded the case to the Workers' Compensation Court with the directive to "determine whether claimant Beck [had] shown substantial credible evidence of a reduced earning capacity." Beck, 749 P.2d at 530, 45 St.Rep. at 219.

The Workers' Compensation Court initially issued an order scheduling a retrial. Claimant, however, filed a written objection, by letter, arguing that in Beck this Court remanded for the sole purpose of considering the previous Findings of Fact in light of the correct rule of law and not to issue new Findings of Fact. Claimant pointed out that neither party appealed from the original Findings of Fact and therefore argued that a new trial was neither necessary nor proper. Defendants, however, argued that it had a right to present additional evidence, in particular, evidence of an injury claimant sustained subsequent to the April 11, 1984 injury. On April 15, 1988, the Workers' Compensation Court determined that in light of this Court's decision in Beck, a new trial was not needed. The Workers' Compensation Court then entered an order on February 27, 1989 adopting the hearing examiner's Proposed Findings of Fact and Conclusions

of Law, and entered an amended Judgment which stated that claimant had sustained a permanent partial disability and, under the correct rule of law, was entitled to disability benefits as agreed upon in the May 14, 1986 Pre-Trial Order.

On April 13, 1989, the court entered its Order awarding attorney fees and costs based upon the contingent fee agreement that existed between claimant and her attorney. On May 1, 1989, defendants filed its Notice of Appeal to the Montana Supreme Court.

The first issue raised on appeal is whether the Workers' Compensation Court erred by not making any additional findings or conclusions regarding claimant's pre-injury and post-injury earning capacity.

In Beck, we directed the Workers' Compensation Court to "determine whether claimant Beck [had] shown substantial credible evidence of a reduced earning capacity." Beck, 749 P.2d at 530, 45 St.Rep. at 219. In Conclusion of Law No. 2, dated February 27, 1989, the Workers' Compensation Court concluded that claimant is permanently partially disabled as a result of her April 11, 1984 industrial accident. Under § 39-71-116(12), MCA, (1985), permanent partial disability is defined as:

> [a] condition resulting from injury as defined in this chapter that results in the actual loss of earnings or earning capability less than total that exists after the injured worker is as far restored as the permanent character of the injuries will permit. . . (Emphasis added.)

As this Court held in Beck, the correct test for loss of earning capacity is whether the injury has caused "a loss of ability to earn on the open market." Beck, 749 P.2d at 529, 45 St.Rep. at 217.

4

On review, this Court's role is limited to whether substantial evidence supports the Workers' Compensation Court's findings and conclusions. Walker v. H.F. Johnson, Inc. (1978), 180 Mont. 405, 410, 591 P.2d 181, 184. The hearing examiner found that, based upon a vocational expert's testimony, if claimant "had to leave her present position to take a lighter duty job, she would have a diminished earning capacity." This Court has previously held that this sort of testimony is sufficient to establish loss of earning capacity. Hafer v. Anaconda Aluminum, Co. (1982), 198 Mont. 105, 111, 643 P.2d 1192, 1195-96; Walker, 180 Mont. at 411, 591 P.2d at 184. However, claimant's own testimony and the testimonies of the examining physicians and vocational experts further support this finding. The court then entered an amended conclusion of law stating that claimant

> [r]eached maximum healing on May 8, 1986. Returning to her employment as a nurse's aide at Flathead County Nursing Home, she experienced myofascial pain, shoulder pain, and numbness in her hand, all of which are aggravated by her work.
>
> Claimant's physicians have recommended certain work restrictions which are inconsistent with her current employment and once she leaves her current employment, she will be restricted in her ability to compete in her normal market.

Defendants nonetheless attempt to argue that this Court "implicitly" directed the Workers' Compensation Court to conduct an evidentiary hearing so that the Workers' Compensation Court could make additional findings and conclusions regarding claimant's pre-injury and post-injury earning capacity and so that they could have their "day in court." We disagree.

5

In Beck, we held that the Workers' Compensation Court had to determine the threshold question of whether claimant had shown substantial evidence of a reduced earning capacity. The Workers' Compensation Court determined, based upon the record, that claimant would have a diminished earning capacity as a result of her accident. The court does not need to conduct an additional evidentiary hearing because of defendants' personal desire to have more specific and tailored findings, conclusions and comparisons. In addition, defendants have already had their day in court and thus have had a full and fair opportunity to introduce all evidence of claimant's pre-injury and post-injury earning capacity. An additional evidentiary hearing is neither necessary nor proper. First Bank-Billings v. Clark (Mont. 1989), 771 P.2d 84, 92, 46 St.Rep. 291, 300; Harrington v. Montgomery Drug Co. (1941), 111 Mont. 564, 567-68, 111 P.2d 808, 810. Upon review of the record, we hold that substantial credible evidence supports the court's finding and conclusion regarding the question of whether claimant had shown substantial credible evidence of a reduced earning capacity.

The question remained, however, what disability benefit rate the claimant should receive. Defendants therefore raise the issue of whether the parties' stipulation regarding claimant's permanent partial disability benefit rate was binding for subsequent proceedings.

The doctrine of res judicata bars this Court from addressing this issue. This doctrine applies when a litigant has had the opportunity to litigate an issue but has not availed himself of the opportunity. The policy behind the doctrine of res judicata is to prevent piecemeal litigation and to accord finality as to all issues raised or which fairly could have been raised. O'Neal, Booth and Wilkes v. Andrews (1986), 219 Mont. 496, 499, 712 P.2d 1327, 1329; In

6

<u>re</u> Estate of Pegg (1984), 209 Mont. 71, 78-79, 680 P.2d 316, 320; Wellman v. Wellman (1982), 198 Mont. 42, 45-46, 643 P.2d 573, 575-76.

As already noted, claimant appealed the initial decision of the Workers' Compensation Court in 1987. In that appeal, claimant argued that under § 39-71-703, MCA, she was entitled to permanent partial disability benefits upon proof that she suffered a reduced earning capacity. Claimant also argued that substantial evidence did not support the Workers' Compensation Court's finding that she did not sustain permanent partial disability pursuant to § 39-71-703, MCA. In this second argument, claimant sets forth her testimony, and the testimonies of her physicians, her rehabilitation expert, and two vocational experts to illustrate that substantial evidence did not support the Workers' Compensation Court's finding that she did not sustain permanent partial disability. In addition, claimant argued in her brief that the defendants had stipulated to her permanent partial disability rate at $126.61 per week and that this stipulation was binding on the court. Defendants did not once rebut or mention this matter in their reply brief. Defendants failed to take the opportunity to litigate this matter in <u>Beck</u>, and cannot now expect to be allowed to bring up the issue now. Litigation regarding a matter must come to an end at some point. Defendants' acquiescence on this matter in the first appeal bars them from raising it on this appeal.

The <u>Beck</u> decision, like other judgments, are "binding and conclusive between all the parties to the suit and their privies and successors in interest, as to all matters adjudicated therein and as to all issues which could have been properly raised irrespective of whether the particular matter was in fact litigated." Orlando v. Prewett (Mont.

7

1989), 771 P.2d 111, 113, 46 St.Rep. 520, 523 (quoting Kramer v. Deer Lodge Farms Co. (1944), 116 Mont. 152, 156, 151 P.2d 483, 484). We therefore hold that the doctrine of res judicata applies in this case and therefore bars defendants from asserting and arguing that the parties' stipulation regarding claimant's permanent partial disability benefit rate is not binding.

The next issue raised on appeal is whether a court should consider claimant's subsequent injury when considering her future earning capacity.

In light of the determination that claimant had shown substantial credible evidence of a reduced earning capacity and also in light of the parties' stipulation regarding claimant's permanent partial disability benefit rate, this issue is now moot. Furthermore, the effect, if any, two separate injuries would have upon a claimant's disability benefit rate would more appropriately be addressed at a hearing regarding the most recent injury. This Court therefore does not need to address on this appeal whether a court should consider a claimant's subsequent injury when considering her future earning capacity.

The last issue raised on appeal is whether the Workers' Compensation Court erred by not holding an evidentiary hearing regarding costs and attorney fees.

On April 13, 1989, the Workers' Compensation Court issued an order setting attorney fees and costs. In this order, the court granted claimant's costs in the amount of $2,727.86 and her attorney fees in the amount of $20,004.38, which were based upon the contingent fee agreement.

Defendants first note that they requested an evidentiary hearing regarding claimant's attorney fees and costs. Defendants then argue that the Workers' Compensation Court committed reversible error when it did not hold an

8

evidentiary hearing on these matters. Defendants rely upon Honey v. Stoltze Land & Lumber Co. (Mont. 1989), 769 P.2d 42, 46 St.Rep. 202, to argue that an evidentiary hearing must always be held when addressing attorney fees and costs--even in cases when an evidentiary hearing is not requested. We disagree.

In Honey, the claimant had a contingent fee agreement with his attorney. After successfully representing the claimant, the attorney claimed a much larger attorney fee than was due him in light of the contingent fee agreement. Under the contingent fee agreement, claimant's attorney was entitled to $2,208.79. Claimant's attorney submitted time records and an affidavit to support his claimed attorney fee of $9,443.50, but he then did not request an evidentiary hearing. The Workers' Compensation Court nonetheless awarded attorney fees based on the contingent fee agreement. Honey, 769 P.2d at 43, 46 St.Rep. at 203-04. This Court then held that the facts in Honey demonstrated a need for an evidentiary hearing. Honey, 769 P.2d at 44, 46 St.Rep. at 205-06. The facts in Honey, however, are not analogous to the facts in the present case.

In the present case, defendants acknowledged that the contingent fee agreement controlled the award of attorney fees. Defendants' arguments at the lower court, however, centered around whether the contingent fee rate should be 33% or 40%, and what constituted a valid pretrial settlement offer so as to determine the amount the percentage was to be based upon. Both of these issues are legal issues that do not require an evidentiary hearing.

Besides awarding claimant attorney fees based on the contingent fee agreement, the Workers' Compensation Court also granted claimant's costs in the amount of $119.11 for travel expenses, $50.00 for a medical conference, and $139.00

9

in printing costs, totalling $308.11. Defendants assert that these costs are not recoverable. Defendants further assert that this Court required the Workers' Compensation Court to conduct an evidentiary hearing whenever it addresses attorney fees and costs. On the contrary, this Court in Wight v. Hughes Livestock Co. (1983), 204 Mont. 98, 664 P.2d 303, stated that "[i]n the rare case where an evidentiary hearing is necessary, the Workers' Compensation judge shall extend opportunity for hearing . . ." Wight, 204 Mont. at 116, 664 P.2d at 313. The facts of this case do not warrant such a hearing.

We therefore hold that the Workers' Compensation Court did not abuse its discretion in determining that an evidentiary hearing was not necessary in this case.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10