JUSTICE HUNT
dissents.
*208 ¶22 I dissent from the majority opinion. I would hold that Fisher’s claim was not barred because the necessary elements of res judicata were not present.
¶23 On March 8,1995, Fisher filed a complaint against State Farm and its sales agent, Brian Taylor. Fisher requested contract damages for “the money owed under the insurance contract plus legal interest and costs”.
¶24 On March 14,1996, Fisher filed a second lawsuit against State Farm alleging the tort of wrongful claim handling; specifically that State Farm had violated the UCPA by failing to conduct a reasonable investigation before denying Fisher’s claim, and by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of his fire loss. Fisher’s complaint requested special and general damages, including emotional distress.
¶25 As the parties have addressed, there is some question as to the proper interpretation of the so called “opportunity to litigate” requirement in relation to the doctrine of res judicata. In addition to arguing that res judicata bars Fisher’s UCPA claim because it arises from the same transaction as the previous action, State Farm argues that under the doctrine of res judicata, a party having the “opportunity to litigate” a claim who instead chooses to bring the claim in a subsequent action is barred from doing so.
¶26 We have previously discussed the “opportunity to litigate” concept as it relates to the doctrine of res judicata, noting “[i]t is true that res judicata precludes claims that could have been raised in the prior lawsuit as well as those actually adjudicated.” Holtman v. 4-G’s Plumbing & Heating, Inc. (1994), 264 Mont. 432, 438, 872 P.2d 318, 321 (quoting Beck v. Flathead County (1989), 240 Mont. 128, 133, 783 P.2d 383, 386). In Holtman, this Court found that the preclusive effect of res judicata applied only to claims raised in subsequent lawsuits between the parties in the original action or their privies, reflecting “the parties or their privies” element, of the res judicata doctrine. Holtman, 264 Mont. at 438, 783 P.2d at 321-322. Holtman, who owned a condominium in a townhouse complex in Missoula, counterclaimed when sued by the townhouse homeowner’s association. After his counterclaim was dismissed, Holtman filed suit against the homeowner’s association and 4-G’s Plumbing jointly. Because we held that 4-G’s and the Association were not parties sharing a legal interest which has been legally represented at trial and it was undisputed that 4-G’s Plumbing was not a parly to the prior litigation, we determined that a required element of res judicata *209 was absent, and held that res judicata‘s preclusive effect as to claims not actually litigated did not apply to that case. Holtman, 264 Mont. at 438, 783 P.2d at 322.
¶27 In the present action, the District Court found as part of its findings of fact that the UCPA claim which forms the basis of Fisher’s second lawsuit “could have been incorporated into the original lawsuit as a separate cause of action against State Farm,” and “the facts which serve as a basis for the UCPA claim were known to Fisher prior to the filing of the original Complaint in the first case.” The District Court determined in its conclusions of law that “it is an undeniable fact that there was every opportunity for Fisher to raise the UCPA issue in the first lawsuit.” ¶28 Finding that a party is barred from bringing a claim simply because it “could have been incorporated” in an earlier action takes the “opportunity to litigate” notion to extremes which effectively make the facially permissive provisions of Rule 18 mandatory. Instead, I would conclude that the “opportunity to litigate” concept does not become an issue unless the four requirements of the res judicata test are first present. The rubric “opportunity to litigate” should not be allowed to swallow the mandatory criteria required for application of the res judicata doctrine. If the issues and claims in the second case were not raised and determined in the first case, then the judgment of the first case on the merits does not bar the second action. Fisher could have brought his UCPA claim together with his insurance coverage action, but he is not barred by the doctrine of res judicata simply because he had the opportunity to litigate it, unless all four elements of res judicata are present in the second action.
¶29 The majority holds that res judicata bars Fisher’s UCPA claim because, both his first and second action arise from a single incident and relationship which involve the same issues.
¶30 For res judicata to bar a subsequent action, there must be a precise identity of the issues. Berlin v. Boedecker (1994), 268 Mont. 444, 451-452, 887 P.2d 1180, 1185 (quoting In re Marriage of Stout (1985), 216 Mont. 342, 701 P.2d 729).
The rule regarding the identity of the issues is simple, (cite omitted) If the issues in the second case were not raised and determined in the first case, then the judgment of the first case does not bar the second action, (cite omitted) Specifically this court has held: ‘unless it clearly appears that the precise question involved in the second case was raised and determined in the former, the judgment is no bar to the second action.’ (emphasis added)
*210 Phelan, 220 Mont. at 299, 716 P.2d at 603 (quoting Brannon v. Lewis and Clark County (1963), 143 Mont. 200, 207, 387 P.2d 706, 710-711).
¶31 I conclude that Balyeat is distinguishable from the current case. In Balyeat, the two debt collection actions in question involved the same parties, the same issues and the same subject matter. In contrast, the subject matter of Fisher’s first lawsuit was the property destroyed in the fire; the issue was whether Fisher was entitled to coverage. The conduct giving rise to the second lawsuit occurred after the fire. The subject matter of the second lawsuit is insurance claim handling; the issue is whether State Farm violated statutory duties under the UCPA. There is not a precise identity of the issues because the issues of the second claim were not raised and determined in the first case.
¶32 While State Farm argues that Fisher’s initial complaint made claims for “unspecified extra-contractual damages,” when taken in the context of Fisher’s prayer for relief which requests only money owed under the insurance contract plus interest and costs, it is obvious Fisher brought his initial complaint as a contract claim. Furthermore, although both Fisher’s coverage and UCPA claims deal indirectly with the fire of March 18,1994 and are relevant to one another, they do not concern the same issues.
¶33 The intent of the doctrine of res judicata is to bar the relitigation of previously litigated claims. See Berlin, 268 Mont. at 451, 887 P.2d at 1184; Holtman, 264 Mont. at 436, 872 P.2d at 320. It is a final judgment which, when rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them, upon the same claim or demand. Scott v. Scott (1997), 283 Mont. 169, 175, 939 P.2d 998, 1001. Fisher did not previously litigate his UCPA claim with State Farm in the initial action and the UCPA claim is not the same claim or demand as his previous claim for coverage of his fire loss.
¶34 This court has previously given a clear analysis of the question now before us:
[A] judgment for either plaintiff A or defendant B on A’s claim, rendered after trial on the merits of the claim, is a final judicial settlement thereof, regardless of whether A has put forward all the grounds of recovery available to him in connection with his claim and of whether B has interposed all defenses open to him and even though the parties may have lacked knowledge of their complete legal rights therein. ***
The judgment referred to above in the A-B litigation would not be res judicata if A were to sue Bona different claim, i.e., a different cause of *211 action, although the prior adjudication will have an operative effect, as collateral estoppel, in the second action, provided it adjudged matters that were then relevant and material and these are now at issue in the second A-B action, (emphasis added)
Western Montana Pro. Cr. Ass’n v. Hydroponics, Inc. (1966), 147 Mont. 157, 161-162, 410 P.2d 937, 939 (quoting 1-B Moore F.P. 632-633, §0.405) (hereinafter Hydroponics). This Court has also held that when two actions were relevant to one another but the issues were not precisely the same, the doctrine of res judicata does not apply. Berlin, 268 Mont. at 452, 887 P.2d at 1185.
¶35 Following our analysis rnBerlin and Hydroponics, because Fisher brings his second action on a different claim, i.e., a different cause of action, in which the issues are not precisely the same as the previous action, the judgment in the first action does not bar Fisher’s UCPA claim in the second action under the doctrine of res judicata. State Farm has failed to demonstrate that all of the required elements oires judicata are present. In particular, they have not shown that the “issues must be the same and relate to the same subject matter” element is met. Fisher’s initial coverage claim and the UCPA claim are not the same. I would hold that Fisher’s UCPA claim is not barred by res judicata because all four elements required to find res judicata are not present.
JUSTICES TRIEWEILER and REGNIER join in the foregoing dissent.