No. 88-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

GEORGE ORLANDO, as Personal Representative
of the Estate of Frank A. Donnes, Deceased,
            Plaintiff and Respondent,
    -vs-
LEE PREWETT and BARBARA PREWETT, Husband and
Wife, and L.R. BRETZ,
            Defendants and Appellants.

---

L.R. BRETZ,
            Plaintiff and Appellant,
    -vs-
GEORGE ORLANDO, as Personal Representative
of the Estate of Frank A. Donnes, Deceased,
            Defendant and Respondent.

---

APPEAL FROM:  District Court of the Sixteenth Judicial District,
              In and for the County of Treasure
              The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            R. J. Carstensen, Billings, Montana

        For Respondent:

            R. Russell Plath; Kelly & Halverson, P.C., Sheehy,
            Finn and Plath, Billings, Montana

---

**FILED**

MAR 30 1989

Filed: *Ed Smith*
    CLERK OF SUPREME COURT
    STATE OF MONTANA

Submitted on Briefs:  Jan. 12, 1989

Decided:  March 30, 1989

_____
            Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

L. R. Bretz appeals from an order of the District Court of the Sixteenth Judicial District, Treasure County, granting summary judgment to George Orlando, Personal Representative of the estate of Frank A. Donnes (Donnes Estate), and denying Bretz's motion to vacate and set aside a partial summary judgment previously awarded to the Donnes Estate. We affirm.

The following issues are raised on appeal:

1. Does the doctrine of res judicata render a mechanic's lien null and void when the lien was filed against real property that was the subject of a prior quiet title action against the same parties who filed the lien?

2. May a district court grant summary judgment when the non-moving party has failed to file a brief?

Frank A. Donnes was murdered in the fall of 1982. On November 16, 1982, George Orlando filed the Last Will and Testament of the deceased and a petition for probate with the Treasure County Clerk of Court. The will named Donnes' two sisters, Helen Carbone and Mabel Orlando, as the sole devisees of the entire estate, which included a 5,000-acre ranch in Treasure County.

On January 8, 1983, Donnes' niece and her husband, Barbara and Lee Prewett, filed two creditors' claims against the Estate. The first claim alleged that the Prewetts had entered into an oral agreement with Donnes, in which Donnes agreed to create a will or establish a grantor trust giving the Prewetts one-half of his ranch and the option to purchase the other half from his estate. The second creditors' claim alleged that Donnes had orally agreed to sell livestock and other personal property to the Prewetts for $12,000 but that

title to the property had not passed because the Prewetts owed a remaining balance of $10,515.

On January 19, 1983, the District Court formally admitted the will into probate and appointed George Orlando as Personal Representative of the Donnes Estate. The Personal Representative filed notice of disallowance of the creditors' claims. He then filed a complaint against the Prewetts, seeking a judgment that the Donnes Estate was entitled to quiet and peaceful possession of the Frank Donnes Ranch and the personal property upon the ranch and a permanent injunction preventing the Prewetts from asserting any adverse claim against the Estate's title and ownership of Donnes' real and personal property. In response, the Prewetts counterclaimed, requesting specific performance of the two oral contracts alleged in the creditors' claims. Later, the Personal Representative amended the complaint to include an additional cause of action against the Prewetts for an accounting. Prior to trial, the District Court bifurcated the causes of action. On November 7, 1983, a bench trial proceeded only upon the Estate's quiet title actions and the Prewetts' counterclaims for specific performance of the oral agreements.

On June 4, 1984, the District Court ruled that the Donnes Estate should take nothing under the quiet title actions, and that the Prewetts were entitled to specific performance of both oral agreements. The Estate appealed the decision to this Court. In Orlando v. Prewett (1985), 218 Mont. 5, 705 P.2d 593 (Orlando I), we reversed the District Court, holding that the oral agreement for the transfer of the Donnes Ranch was an unenforceable contract to make a will and that the Donnes Estate was entitled to a judgment quieting title in the ranch. We subsequently issued an order

directing the Personal Representative to take immediate possession of the entire Donnes Estate.

On January 6, 1986, after we issued Orlando I, the Prewetts filed a mechanic's lien against the Donnes Ranch, claiming that they had provided labor from 1981 through 1984 that enhanced the ranch's value by $376,474.22. On February 6, 1986, the Prewetts assigned their rights under the mechanic's lien to L. R. Bretz for $1,000.

On July 15, 1986, Bretz filed a complaint against the Donnes Estate, seeking foreclosure of the mechanic's lien. The Estate's answer to the complaint alleged several affirmative defenses, including res judicata.

On July 16, 1986, the District Court granted the Personal Representative's motion to amend the complaint filed against the Prewetts in January, 1983, adding L. R. Bretz as a named defendant and seeking a judgment that the mechanic's lien was null and void. The Personal Representative also sought an order quieting title in the ranch to the Donnes Estate and enjoining the Prewetts and Bretz from asserting any adverse claim against the real and personal property in the estate.

On November 28, 1986, the Donnes Estate filed a motion for summary judgment on the mechanic's lien, asking for a judgment that the mechanic's lien was null and void. At the same time, the Estate filed a brief in support of summary judgment and a notice of hearing on the motion, which set a hearing date of January 2, 1987. On December 31, 1986, two days before the hearing, Richard J. Carstensen filed a notice of attorney of record for defendant Bretz and a motion for additional time to respond to the summary judgment.

The hearing was held as planned on January 2, 1987, with neither Bretz nor Carstensen appearing. At the hearing, the Donnes Estate objected to Bretz's motion for additional time

- 4 -

and requested that summary judgment be entered. On January 8, 1987, the District Court granted the Estate's motion for summary judgment, denied Bretz's motion for additional time, and issued judgment quieting title.

On January 27, 1987, Bretz filed a motion to vacate the summary judgment. On the same date, the Estate filed a motion for summary judgment on the complaint filed by Bretz. The District Court consolidated the two actions and held a hearing on the motions on March 6, 1987.

Thereafter, the District Court issued findings of fact, conclusions of law, and an order granting the Estate's motion for summary judgment and denying Bretz's motion to vacate the previous summary judgment. From this order, Bretz appeals.

The District Court concluded that res judicata barred the enforcement of the mechanic's lien. Bretz contests this conclusion, arguing that the previous litigation between the Prewetts and the Donnes Estate as well as our subsequent decision in Orlando I adjudicated only the question of enforceability of the oral agreements entered into between Frank Donnes and the Prewetts. Bretz contends that the mechanic's lien cannot possibly be barred by res judicata because the lien itself was never considered by the District Court at trial or reviewed by the Supreme Court in Orlando I.

The doctrine of res judicata is grounded in the idea that litigation must at some point come to an end. Thus, a matter fully adjudicated is said to be res judicata and cannot be relitigated by a party who has already had the opportunity to present and plead his case. First Bank v. District Court (Mont. 1987), 737 P.2d 1132, 1134, 44 St.Rep. 861, 864. A judgment is "binding and conclusive between all the parties to the suit and their privies and successors in interest, as to all matters adjudicated therein and as to all issues which could have been properly raised irrespective of

whether the particular matter was in fact litigated." Kramer v. Deer Lodge Farms Co. (1944), 116 Mont. 152, 156, 151 P.2d 483, 484.

In January, 1983, the Donnes Estate instituted a quiet title action in which it claimed that the Prewetts and their successors had "no right, title, estate, lien or interest" in the real or personal property of Frank Donnes. The Estate's pleadings put directly in issue all adverse claims the Prewetts had against the Donnes Ranch. The Prewetts were therefore required by Rule 13(a), M.R.Civ.P., governing compulsory counterclaims, to assert all claims they may have had against the Donnes property. Any counterclaims that were omitted from the action are barred by res judicata from being raised in subsequent litigation. Taggart v. Rutledge (D.Mont. 1987), 657 F.Supp. 1420, 1431.

The mechanic's lien in question is a claim against the Donnes Ranch and is therefore precisely the type of counterclaim the Prewetts were required to raise in the previous adjudication. By failing to pursue the mechanic's lien prior to the conclusion of the quiet title action, the Prewetts forever lost the opportunity to litigate its merits; res judicata precludes them from raising it now.

Bretz argues that because the District Court bifurcated the issues and proceeded to trial only on the quiet title actions of the Estate and the specific performance claims of the Prewetts, the action remains open to further litigation on the mechanic's lien. This is not so. The Prewetts had the opportunity to litigate all claims against the Donnes Ranch in the trial held on the quiet title and specific performance actions. They are not entitled to another chance to litigate issues that should have been put before the District Court previously merely because a wholly independent action for an accounting is still pending.

- 6 -

Res judicata applies to both final judgments and orders that are intended to be final in nature. Lien v. Murphy Corp. (1982), 201 Mont. 488, 493, 565 P.2d 804, 806. Because our opinion in Orlando I finally decided the quiet title action, any additional claims the Prewetts or their successors may have against the Frank Donnes Ranch are barred by res judicata. Therefore, the mechanic's lien filed after Orlando I is null and void. Bretz, as the assignee of the claim, is precluded by res judicata from foreclosing upon it.

Next, Bretz argues that a summary judgment cannot be granted for a party's failure to file a brief. We need not consider this question, however, as any error the District Court may have committed in granting the Donnes Estate's motion for summary judgment on January 8, 1987, for the reason that Bretz had failed to file a brief was rectified when, on March 6, 1987, the court considered both Bretz's motion to vacate the summary judgment and the Estate's motion for summary judgment on Bretz's complaint. The March 6, 1987, hearing gave Bretz an opportunity to present any genuine issues of material fact. He failed to do so. Summary judgment was proper.

We affirm the District Court.

_William E. Hunt Sr._
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_L. C. Gulbrandson_
Justices