FILED

May 10 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0527

DA 15-0527

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 109N

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

　　　　Plaintiff and Appellee,

　　v.

GEE GEE TAVES,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Eleventh Judicial District,
　　　　　　　　In and For the County of Flathead, Cause No. DV 15-091A
　　　　　　　　Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Gee Gee Taves, Self-Represented, Kalispell, Montana

　　　　For Appellee:

　　　　　　Danielle A.R. Coffman, Crowley Fleck PLLP, Kalispell, Montana

　　　　　　Cassie R. Dellwo, Mackoff Kellogg Law Firm, Dickinson, North Dakota

　　　　　　　　　　Submitted on Briefs:　March 30, 2016

　　　　　　　　　　　　　　Decided:　May 10, 2016

Filed:

_____
　　　　　　　　Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Gee Gee Taves (Taves) appeals an order from the Eleventh Judicial District Court, Flathead County, which granted partial summary judgment in favor of the Federal National Mortgage Association (Fannie Mae). The Court's order also dismissed Taves' counterclaim and related discovery requests. We affirm.

¶3    This matter involves two lawsuits. The first—cause number DV-10-1166A (2010 Lawsuit)—involved Gee Gee Taves and his wife Ilse Taves, who attempted to revoke the foreclosure and subsequent Trustee's sale of their Kalispell property. The second lawsuit involved the property's current owner—Fannie Mae—suing to evict Taves. Taves is appealing from the District Court's order in the second lawsuit.

¶4    In 2010, Taves sued Northwest Trustee Services, Inc. and Wells Fargo Home Mortgage Company (collectively Wells Fargo) to prevent them from foreclosing on the property and selling it in a Trustee's sale. On August 11, 2011, the Court denied Taves' motion to revoke the Trustee's sale. The Court denied all of Taves' claims, which included: (1) Wells Fargo failed to provide him legal notice of the Trustee's sale; (2) Wells Fargo failed to record notice of the sale; (3) Taves was in bankruptcy; and (4) because Taves filed the 2010 Lawsuit, the foreclosure became contested and therefore

2

fell outside the scope of nonjudicial foreclosure. The Court entered summary judgment and final judgment against Taves in July 2013, holding:

> A review of the memoranda and documents of record reveals that the June 17, 2011, Trustee's Sale of [the Taves'] former residence was properly noticed in conformity with the Montana Small Tract Financing Act, Sections 71-1-301 MCA, *et seq*. The Bankruptcy Court granted a discharge and the automatic stay expired on June 8, 2011, and therefore, did not preclude the Trustees sale on June 17, 2011. Plaintiff's filing of this action did not prevent the Trustee's Sale. Section 71-1-304(3), MCA, provides that the decision to foreclose nonjudicially belonged to the beneficiary, Wells Fargo. Further, the filing of a document requesting a temporary stay of foreclosure did not prevent the Trustee from proceeding with the sale.

¶5 After Fannie Mae purchased the property at the Trustee's sale, it rented the property to tenants. On November 3, 2014, those tenants moved out. After the tenants moved out, Taves moved back in, triggering the eviction action he is currently appealing.

¶6 On February 2, 2015, Fannie Mae sued Taves to evict him and all other occupants from the property. Taves counterclaimed that Fannie Mae abandoned the property and that he had re-gained the property through adverse possession. Taves also argues that Fannie Mae does not own the property because the Trustee's sale was void.

¶7 On June 1, 2015, Fannie Mae moved the District Court to grant summary judgment dismissing Taves' counterclaim. On June 22, 2015, Taves moved the Court for an extension of time to oppose summary judgment and an authorization to issue subpoenas duces tecum. On the same date, Taves also filed a Motion for Discovery. On July 22, 2015, the District Court: (1) granted Fannie Mae's Motion for Summary Judgment on Counterclaim/Request for TRO; and (2) denied Taves' Motion for

Extension of Time to Oppose Summary Judgment and Authorization to Issue Subpoena Duces Tecum. The Court did not rule on Taves' Motion for Discovery.

¶8 The District Court held: (1) claim preclusion barred Taves' claim of alleged defects in the Trustee's sale; (2) issue preclusion barred relitigation of alleged improper notice of the Trustee's sale; and (3) Taves did not satisfy adverse possession's time or tax elements. Taves appeals the first two holdings.

¶9 We review a district court's summary judgment de novo, applying the same M. R. Civ. P. 56(c) criteria as the district court. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, 192 P.3d 186. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Estate of Willison v. Addison*, 2011 MT 179, ¶ 13, 361 Mont. 269, 258 P.3d 410. A district court's application of claim preclusion presents an issue of law that we review de novo for correctness. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494. We review a district court's denial of a M. R. Civ. P. 56(f) motion—requesting to continue a summary judgment motion for further discovery—for abuse of discretion. *Rosenthal v. Cnty. of Madison*, 2007 MT 277, ¶ 23, 339 Mont. 419, 170 P.3d 493. "This Court's review of constitutional questions is plenary." *Williams v. Bd. of Cnty. Comm'rs*, 2013 MT 243, ¶ 23, 371 Mont. 356, 308 P.3d 88 (citing *Walters v. Flathead Concrete Prods.*, 2011 MT 45, ¶ 9, 359 Mont. 346, 249 P.3d 913).

¶10 Taves contends that the District Court erred in several respects. First, Taves asserts that the Court improperly granted Fannie Mae summary judgment because it

4

failed to address the Trustee's sale's deficiencies. Second, Taves argues that the Court failed to issue subpoenas and allow him to conduct discovery relating to his counterclaim. Finally, Taves claims the Court violated his Fifth and Fourteenth Amendment rights, in addition to violating his right to a jury by his peers.

¶11 Claim preclusion applies to all issues relating to the alleged deficiencies in the property's Trustee's sale. Claim preclusion bars a party from "relitigating claims that were or could have been raised" in a previous action in which a final judgment was reached. *Brilz*, ¶ 18. The doctrine embodies "a judicial policy that favors a definite end to litigation." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267 (citations omitted). Claim preclusion deters "plaintiffs from splitting a single cause of action into more than one lawsuit, thereby conserving judicial resources and encouraging reliance on adjudication by preventing inconsistent judgments." *Baltrusch*, ¶ 15 (citations omitted). Claim preclusion applies if the following elements are met:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, ¶ 22. Here, it is undisputed that the subject matter is the same, the issues are the same, the parties' capacities are the same, and the District Court entered final judgment in the 2010 Lawsuit, on the merits. Taves contends that the privity element is not met because the parties from this litigation and the 2010 Lawsuit differ.

5

¶12 The first claim preclusion element is met if the parties' "privies are the same in the first and second actions." *Brilz*, ¶ 22. To determine whether a party to a second action is in privity with the first action's party, we focus on "whether a defendant's legal right or interest has been represented by the previous litigant to determine whether the two are privies." *Holtman v. 4-G's Plumbing & Heating, Inc.*, 264 Mont. 432, 437, 872 P.2d 318, 321 (1994). In *Holtman*, we defined privies "as those who are so connected in . . . law as to be identified with the same interest and, consequently, affected with each other by litigation." *Holtman*, 264 Mont. at 437, 872 P.2d at 321. In this case, Wells Fargo—which participated in the 2010 Lawsuit—and Fannie Mae are "privies." Both parties shared the same interest in advocating for the validity of the property's Trustee's sale through persuading the District Court that they met all the statutory requirements. All claim preclusion elements are met, and the District Court correctly applied the doctrine to dismiss Taves' counterclaim on summary judgment. Any issue preclusion analysis does not change the outcome of our claim preclusion analysis; we therefore decline to address the issue preclusion doctrine.

¶13 Taves also asserts that the District Court erred by not issuing subpoenas or allowing discovery. Taves requested subpoenas in response to Fannie Mae's Motion for Summary Judgment on Counterclaim/Request for TRO. Though Taves did not invoke M. R. Civ. P. 56(f) in making his request, we analyze it in that context because of Taves' pro se status.

¶14 M. R. Civ. P. 56(f) allows a district court to continue a summary judgment motion if the opposing party needs further discovery. "A district court does not abuse its

6

discretion in denying a M. R. Civ. P. 56(f) motion where the party opposing a motion for summary judgment does not establish how the proposed discovery could preclude summary judgment." *Rosenthal*, ¶ 38 (citations omitted). In Taves' response to Fannie Mae's motion for summary judgment, he requested to subpoena three individuals with knowledge of the underlying Trustee's sale, any "potential witness for [Fannie Mae]," and "[t]o have [Fannie Mae] furnish a full accounting as to any expenses incurred by their maintenance, upkeep, protection and security of [the property]." Taves did not explain why the latter discovery would help defeat the opposed summary judgment, nor can we discern from the record how his proposed discovery would unearth a disputed material fact that would create a genuine issue precluding the Court from granting Fannie Mae summary judgment. The District Court, therefore, did not abuse its discretion when denying Taves his requested subpoenas because he failed to establish how the proposed discovery could preclude summary judgment.

¶15    Taves asserts that the Court violated his right to a jury trial by his peers when it disposed of the matter by summary judgment. Article II, Section 26 of the Montana Constitution provides a civil litigant the right to a jury trial. This Court has held that "the right to trial by jury in this state is the same as that guaranteed by the Seventh Amendment [to the United States Constitution]." *Linder v. Smith*, 193 Mont. 20, 23, 629 P.2d 1187, 1189 (1981). Summary judgment does not violate the Seventh Amendment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336-37, 99 S. Ct. 645, 654-55 (1979) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-21, 23 S. Ct. 120, 121-22 (1902)). Furthermore, the *Parklane* Court also determined that

7

neither claim nor issue preclusion violate the Seventh Amendment. *Parklane*, 439 U.S. at 334-35, 23 S. Ct. at 653. The District Court did not deprive Taves of his right to try that claim before a jury because it properly used summary judgment to dispose of his counterclaim.

¶16 Taves also contends the Court deprived him of his Fifth and Fourteenth Amendment due process rights. Taves' only supporting analysis of the contention is found in his reply brief to this Court: Taves alleges that the District Court violated his due process rights by "not giving [him] an opportunity to appear at [the] foreclosure sale . . . [and] not having a hearing . . . [and] not allowing Motions for discovery . . . ." The Fourteenth Amendment to the United States Constitution, and Mont. Const. art. II, § 17, provide that no person shall be deprived of life, liberty, or property without due process of law. "The guarantee of due process has both a procedural and a substantive component . . . [and] substantive due process analysis applies when state action is alleged to unreasonably restrict an individual's constitutional rights." *Montanans v. State*, 2006 MT 277, ¶ 29, 334 Mont. 237, 146 P.3d 759. Procedural due process requires a court to provide a litigant (1) notice, and (2) an opportunity for a hearing appropriate to the case's nature. *Montanans*, ¶ 30. However, those elements are "flexible" and are applied in relation to the "procedural protections demanded by the specific situation." *Montanans*, ¶ 30 (citations omitted). Here, we have already addressed the foreclosure sale and discovery issues. The District Court properly disposed of those issues, while allowing Taves full notice of the arguments, and in turn did not violate his due process rights.

¶17 The lack of a hearing issue remains. The record does not show any request for a hearing on the summary judgment motion. The only hearing request came in Taves' Motion for Discovery when he requested "oral arguments be scheduled in this above action and that a jury trial be scheduled by the court . . . ."

¶18 "The right to a hearing is waived unless a party requests a hearing within 14 days after the time for filing a reply brief has expired." M. R. Civ. P. 56(c)(2)(A); *e.g.*, *RN & DB, LLC v. Stewart*, 2015 MT 327, ¶¶ 40-47, 381 Mont. 429, 362 P.3d 61. Furthermore, "we will not put a district court in error for failing to hold a summary judgment hearing if the hearing testimony would not raise any issue of material fact." *Stewart*, ¶ 44 (citations omitted). Here, Taves waived his right to a summary judgment hearing because he failed to request one. Even if Taves' broad oral argument hearing request is construed as a summary judgment hearing request, the District Court did not violate his due process right to a hearing because nothing in the record indicates potential hearing testimony would have raised an issue of material fact. The District Court did not violate Taves' due process rights.

¶19 Taves also argues: the 2010 Lawsuit did not adjudicate the lack of an order directing Taves off the Property; claim preclusion would constitute double jeopardy; and the District Court forced his case through to clear its docket before the presiding judge retired. Taves did not request the District Court to consider any of those arguments. Generally, this Court will not review an issue raised for the first time on appeal. *Stewart v. Rice*, 2013 MT 55, ¶ 16, 369 Mont. 203, 296 P.3d 1174. We decline to review the arguments Taves omitted below.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that the Appellant has not met his burden of persuasion relative to the summary judgment and constitutional issues, nor was the District Court's ruling denying subpoenas an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE