FILED

07/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0120

DA 21-0120

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 187N

MICHAEL L. MILLER,

      Petitioner and Appellant,

  v.

MONTANA STATE FUND,

      Respondent/Insurer and Appellee.

APPEAL FROM:    Montana Workers' Compensation Court, WCC No. 2020-5145
                    Honorable David M. Sandler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael L. Miller, Self-Represented, White Sulphur Springs, Montana

      For Appellee:

          Mark D. Meyer, Special Assistant Attorney General, Montana State Fund,
          Helena, Montana

                         Submitted on Briefs:  June 30, 2021

                                   Decided:  July 27, 2021

Filed:

                         _____
                               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Miller, appearing pro se, appeals the 2001 final order from the Workers' Compensation Court denying Miller's third motion for reconsideration relating to settlement litigation concerning a 1983 closed head injury. We affirm.

¶3 On October 23, 1983, Miller suffered a closed head injury while in the course and scope of his employment with Galt Ranch. Montana State Fund (State Fund), Galt Ranch's insurer, accepted liability for Miller's claim. In 1988, Miller entered into a compromise settlement agreement (1988 Settlement) for total disability benefits with State Fund. The 1988 Settlement provided State Fund would pay Miller a lump sum of $132,145.10 for the purpose of allowing Miller to be self-employed by purchasing a small ranch. The Settlement was subsequently approved by the Department of Labor and Industry.

¶4 Miller filed his first petition against State Fund on August 3, 1998, with the Workers' Compensation Court, seeking rescission of the 1988 Settlement due to mutual mistake. The Workers' Compensation Court held Miller's claim was barred by a

2

two-year statute of limitations pursuant to § 27-2-203, MCA.[1]  Miller appealed to this Court, which affirmed the Workers' Compensation Court's decision. *See Miller v. State Comp. Ins. Fund*, DA 99-379, 2000 MT 19N, 2000 Mont. LEXIS 19 (holding Miller's petition to reopen his settlement was filed more than three years after June 30, 1995).

¶5     Miller filed his second petition against State Fund on March 29, 2000, again seeking rescission of the 1988 Settlement.  He additionally asserted State Fund committed a mistake of law when it failed to consider cost-of-living adjustments, for considering social security benefits when Miller was not receiving them, for considering the cost to purchase an annuity, and for reducing its calculation of his future benefits. The Workers' Compensation Court concluded Miller's claims were barred by res judicata.  It further concluded State Fund was not operating by mistake for not considering cost-of-living adjustments since claimants were not entitled to them under § 39-71-741, MCA (1983).  *See generally* Title 39, Chapter 71, MCA (Workers' Compensation Act).  The Workers' Compensation Court issued an order and judgment on May 14, 2001, holding Miller's claims to rescind the 1988 Settlement were barred by res judicata.  From the record, however, it appears the Workers' Compensation Court allowed Miller's petition to proceed to trial because there remained some

---

[1] Section 27-2-203, MCA, states:

> The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

3

outstanding issue(s) unrelated to those disposed of by the Workers' Compensation Court by res judicata.

¶6 In June 2001, Miller and State Fund entered into a second settlement agreement (2001 Settlement) regarding Miller's medical benefits. The 2001 Settlement provided that in exchange for $67,500.24, Miller agreed to settle all benefit claims and to a complete closure of all other court proceedings against State Fund, including any right to appeal, regarding his October 23, 1983 injury. Miller, in signing the 2001 Settlement, agreed he entered it of his own free will and without compulsion. Both Miller and State Fund asked the Workers' Compensation Court to enter a judgment in accordance with the 2001 Settlement.

¶7 On June 14, 2001, the Workers' Compensation Court entered a final order holding the parties resolved, by agreement, all benefits payable under the Workers' Compensation Act. On August 11, 2020, Miller filed his third petition against State Fund, seeking rescission of the 1988 Settlement and the 2001 final order. As a result, State Fund moved for summary judgment and asserted res judicata. The Workers' Compensation Court entered summary judgment in favor of State Fund and concluded Miller's attempt to rescind the 1988 Settlement was again barred under res judicata and his attempt to rescind the 2001 final order lacked any legal and factual bases. Miller appeals.

¶8 Miller asserts the Workers' Compensation Court erred in granting summary judgment to State Fund. Specifically, he alleges his attempts to rescind the 1988

4

Settlement and to set aside the 2001 final order were not properly considered by the Workers' Compensation Court.

¶9    We review summary judgment rulings de novo, applying the standards set forth in M. R. Civ. P. 56(c)(3). *Bird v. Cascade County*, 2016 MT 345, ¶ 9, 386 Mont. 69, 386 P.3d 602 (citing *Moe v. Butte-Silver Bow County*, 2016 MT 103, ¶ 14, 383 Mont. 297, 371 P.3d 415). Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Bird*, ¶ 9. Once the moving party has met its burden, the opposing party must present material and substantial evidence to raise a genuine issue of material fact. *Bird*, ¶ 9 (citing *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 19, 330 Mont. 48, 125 P.3d 1121). We will draw all reasonable inferences from the offered evidence in favor of the party opposing summary judgment; but conclusory statements, speculative assertions, and mere denials are insufficient to defeat a motion for summary judgment. *Bird*, ¶ 9. We review the Workers' Compensation Court's conclusions of law for correctness. *Abfalder v. Nationwide Mut. Fire Ins. Co.*, 2003 MT 180, ¶ 9, 316 Mont. 415, 75 P.3d 1246. This Court reviews findings of fact to determine if they are supported by substantial credible evidence, not whether there may be contrary findings. *Abfalder*, ¶ 10. We will not substitute our judgment for that of the Workers' Compensation Court as to the weight of evidence on questions of fact. *Abfalder*, ¶ 10.

¶10    Miller first asserts the Workers' Compensation Court did not properly consider the 1988 Settlement and it, instead, concluded the claim was barred by res judicata.

5

Res judicata, or claim preclusion, is a doctrine that embodies a judicial policy that favors a definite end to litigation, whereby we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. The doctrine deters plaintiffs from splitting a single cause of action into more than one lawsuit, thereby conserving judicial resources and encouraging reliance on adjudication by preventing inconsistent judgments. *Baltrusch*, ¶ 15. Res judicata bars the relitigation of a claim that the party has already had an opportunity to litigate. *Baltrusch*, ¶ 15. Res judicata applies when the following criteria are met: (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and the issues between them. *Baltrusch*, ¶ 16. This Court has held that res judicata "bars relitigation of an entire cause of action once a final judgment has been entered." *Baltrusch*, ¶ 16 (citing *Holtman v. 4-G's Plumbing and Heating*, 264 Mont. 432, 436, 872 P.2d 318, 320 (1994)).

¶11 In 2000, the Workers' Compensation Court initially held Miller's claim was barred by the statute of limitations under § 27-2-203, MCA, which was affirmed by this Court. Subsequently, the Workers' Compensation Court issued an order concluding res judicata barred all claims raised or which could have been raised in connection with Miller's request to rescind the 1988 Settlement. The 2001 final order reaffirmed the recognition of res judicata pertaining to claims involving the 1988 Settlement. The Workers' Compensation Court was correct to conclude res judicata barred Miller's

subsequent petitions. Miller initially asserted a claim of mistake in the 1988 Settlement. He raised the identical claim in his second petition—asserting mistake of law based on grounds that State Fund did not apply cost-of-living adjustments and wrongfully reduced the 1988 Settlement amount to present value, and mistake of fact based on grounds that State Fund did not consider his concurrent employment when calculating his benefits. As a result, the Workers' Compensation Court concluded the claims were barred because Miller could have litigated them in his first case against State Fund pertaining to the rescission of the 1988 Settlement. Miller clearly litigated or had the opportunity to litigate all the issues raised in his appeal. Thus, the Workers' Compensation Court did not err in granting summary judgment to State Fund and concluding Miller's claims relating to the 1988 Settlement are precluded.

¶12 Miller additionally asserts M. R. Civ. P. 60(d) applies to his attempt to rescind the 2001 final order. Rule 60(d) pertains to a court's power to grant relief from a judgment or order and states, "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." The Workers' Compensation Court held Miller's attempt to rescind the 2001 final order was without merit for three reasons— (1) res judicata is a valid defense because an independent action under Rule 60(d) "may not be used to obtain further review of issues already decided in the previous action"; (2) statute of limitations is a valid defense because Miller's claims of mistake, newly discovered evidence, fraud, misrepresentation, and misconduct fall under

7

M. R. Civ. P. 60(b), which has a statute of limitations, i.e. no more than a year after the entry of judgment or order or the date of the proceeding; and (3) Miller has not set forth grounds under which the court could lawfully grant him relief from its 2001 final order.

¶13 This Court concludes Miller has not presented any evidence that justifies setting aside the Workers' Compensation Court's 2001 final order, other than evidence already considered, litigated, and decided upon. Miller could have raised his claim of mistake under Rule 60(b) had he filed it within one year following the entry of judgment of the final order in 2001. Thus, the Workers' Compensation Court did not err in concluding Miller's claim to rescind the 2001 final order was untimely and lacked merit.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE